UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHAMIK VAKIL,

    *Plaintiff*,

v.

BAYER HEALTHCARE, LLC, BAYER CORPORATION, and BAYER HEALTHCARE PHARMACEUTICALS, INC.,

    *Defendants*.

Civil Action No. 13-00080

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Pending before the Court is Plaintiff Shamik Vakil's unopposed motion (D.E. 93) to redact certain portions of the Court's December 7, 2016 opinion granting summary judgment in favor of Defendants Bayer Healthcare, LLC, Bayer Corporation, and Bayer Healthcare Pharmaceuticals, Inc. (collectively "Defendants"). In an abundance of caution, the Court filed the opinion under seal because the underlying briefs and submissions had been sealed, and thus, allegedly sensitive information may have been disclosed in the opinion. The Court ordered that the opinion would be unsealed unless the parties filed a motion within two weeks setting forth the factual and legal basis for keeping the opinion under seal. D.E. 89. On December 12, 2016, Plaintiff filed a motion to maintain the entire opinion under seal (D.E. 90), which the Court denied (D.E. 92). On January 10, 2017, Plaintiff filed the current motion seeking to redact certain portions of the December 7, 2016 opinion.

Plaintiff claimed that he suffered personal injuries caused by the Defendants' prescription medication. For the most part, Plaintiff now seeks to seal the portions of the Court's opinion discussing Plaintiff's alleged injuries. As discussed further below, Plaintiff fails to cite any legal authority supporting his argument, *i.e.*, that personal injury plaintiffs may have their alleged injuries sealed from the public docket.

There is a presumption against sealing judicial records. *See* L. Civ. R. 5.3(a)(4); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). Sealing of entire briefs and declarations is rarely appropriate. *See, e.g.*, *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) ("A party who seeks to seal an entire record faces an even heavier burden."); *In re FleetBoston Fin. Corp. Sec. Litig.*, 253 F.R.D. 315, 323 n.7 (D.N.J. 2008). Similarly, sealing portions of a judicial opinion is a high burden to overcome. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348-49 (7th Cir. 2006) (explaining that it is "impossible to see any justification for issuing off-the-record opinions" in common civil litigation); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, No. 09-290, 2013 WL 1674190, at *2 (W.D. Pa. Apr. 17, 2013) (explaining that "civil proceedings cannot effectively operate if huge swaths of judicial opinion and hearing transcripts are subject to redaction" and that "'[i]n order for the courts to "talk" to litigants and for the public to fully understand a court's precedent' courts need to disclose the information, even if confidential, that is subject of the adjudication" (quoting *Mosaid Technologies Inc. v. LSI Corp.*, 878 F.Supp.2d 503, 513 (D.Del. 2012))).

Here, Plaintiff has requested certain portions of the Court's December 7, 2017 opinion to be redacted. D.E. 93-2. Plaintiff argues that the parts of the opinion "describing Plaintiff's medical history, diagnosis, and treatment" should be redacted pursuant to Local Rule of Civil Procedure 5.2(17), which provides that "caution must be exercised when filing documents that contain . . .

[m]edical records, treatment, and diagnoses." *Id.* Plaintiff claims that failing to remove details of Plaintiff's medical condition may "have the capacity to negatively affect [his] profession and future endeavors." *Id.* However, aside from citing the Local Rules, Plaintiff has provided the Court with no authority to support redacting parts of the opinion under these circumstances, that is, alleged injuries suffered by a personal injury plaintiff. Plaintiff has not pointed to a single case where the court permanently redacted portions of an opinion simply because it disclosed the plaintiff's alleged injuries in a tort case. Therefore, Plaintiff has not met his burden in overcoming the presumption that "all materials and judicial proceedings are matters of public record and shall not be sealed." *See* L. Civ. R. 5.3(a)(4). Plaintiff's motion is denied. For good cause shown,

IT IS on this 7th day of February 2017,

**ORDERED** that Plaintiff's motion to redact portions of the Court's December 7, 2016 opinion (D.E. 93) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall unseal D.E. 87 in its entirety.

John Michael Vazquez, U.S.D.J.